# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMBINED INSURANCE COMPANY OF AMERICA, | : : : | 09-cv-111 |
| Plaintiff, | : : | |
| v. | : : | |
| GARY J. BASTIAN, | : : | |
| Defendant. | : | Hon. John E. Jones III |

## <u>MEMORANDUM AND ORDER</u>

### December 17, 2009

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Plaintiff Combined Insurance Company of America ("Plaintiff" or "Combined") initiated this action against its former employee, Gary J. Bastian ("Defendant" or "Bastian") with the filing of a Complaint (Doc. 1) on January 16, 2009. Plaintiff seeks injunctive and other relief, alleging breach of contract, tortious interference with contractual relations, breach of fiduciary duty, misappropriation of trade secrets, conversion, and defamation.

Presently pending before the Court, among other Motions that are beyond the scope of this Memorandum and Order, is Plaintiff's Motion for Leave to Amend the Complaint ("the Motion to Amend"). (Doc. 45). Plaintiff filed the

1

Motion to Amend on November 6, 2009, and a brief in support thereof (Doc. 46) on that same date. Defendant elected not to file a brief in opposition. Because Defendant has not filed a memorandum in opposition to Plaintiff's Motion, the Court may deem it unopposed. Local Rule 7.6 ("Any party opposing any motion shall file a brief in opposition ... within fourteen (14) days after service ... Any party who fails to comply with this rule shall be deemed not to oppose such motion."). Even so, we will briefly detail the factors rendering leave to amend appropriate in this instance.

On March 30, 2009, the Court entered a Scheduling Order (Doc. 35) that ordered that all amendments to pleadings be filed by August 1, 2009. On November 16, 2009, the Court entered another Scheduling Order (Doc. 51) granting Plaintiff's Motion to Extend the Trial Term and modifying various scheduling dates but not the deadline for filing amended pleadings. When a party moves for leave to amend it complaint after a responsive pleading has been filed or the scheduling deadline has elapsed, a court must analyze the request under both Rule 15(a) and Rule 16(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. R. 15(a) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."); Fed. R. Civ. P. R. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

Leave to amend a complaint "shall be freely given when justice so requires" pursuant to Rule 15(a)(2). Leave to amend shall be granted unless the non-moving party can show: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) futility of amendment, or (4) that the non-moving party will be prejudiced by the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Arthur v. Maersk*, 434 F.3d 196, 204 (3d Cir. 2006). A party moving to amend a scheduling order in order to amend its complaint must also show "good cause" to justify amending the scheduling order. Good cause may be because of "any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order." *Phillips v. Greben*, 2006 U.S. Dist. LEXIS 78419, *16 (D.N.J. October 27, 2006).

Plaintiff seeks to amend the Complaint to "include allegations relating to newly-discovered misconduct by Defendant." (Doc. 45 ¶ 1). Specifically, Plaintiff wishes to add a common-law fraud claim, alleging that Defendant "has repeatedly committed fraud by calling confidential, secure Combined telephone hotlines and impersonating Combined agents and policyholders." Plaintiff maintains that leave to amend is appropriate under Rule 15(a) for numerous reasons. First, Plaintiff contends that amendment will not prejudice the Defendant because the action is in the initial stages of discovery, the facts of the common-law fraud claim substantial

3

overlap with the facts already pled, and therefore Defendant's ability to present his case would not be impaired. (Doc. 45 ¶ 2). Second, Plaintiff asserts that allowing amendment will not cause undue delay because "less than eleven months have passed since Combined commenced this litigation" and because Plaintiff filed the instant Motion to Amend shortly after discovering the newly-alleged facts. (*Id.*). Third, Plaintiff maintains that it has not acted with bad faith or a dilatory motive. (*Id.*). Finally, Plaintiff asserts that the Proposed Amended Complaint will set forth a clear and well-pled claim, and therefore amendment will not be futile. (*Id.*).

Plaintiff further asserts that "good cause" exists under Rule 16(b) because Plaintiff did act with reasonable diligence. Plaintiff asserts that the Defendant concealed the new facts from Plaintiff's view, and Plaintiff only discovered the new facts supporting the claim they seek to add after the scheduling deadline for amendments had passed. (*Id.* ¶¶ 3-4).

Especially in light of Defendant's silence on this matter, the Court has no reason to disbelieve that granting leave to amend would be appropriate under the circumstances. Therefore, we will grant Plaintiff's Motion for Leave to Amend and allow the Plaintiff to file an Amended Complaint within fourteen (14) days of the date of this Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Plaintiff's unopposed Motion for Leave to Amend the Complaint (Doc. 45) is **GRANTED**;

2. Plaintiff **SHALL FILE** an Amended Complaint including the proposed common-law fraud claim within fourteen (14) days of the date of this Order.

s/ John E. Jones III
John E. Jones III
United States District Judge